81 U.S. 85
 20 L.Ed. 786
 14 Wall. 85
 HURLEY
v.
STREET.
 December Term, 1871
 
 MOTION, by Mr. G. G. Wright, to dismiss a writ of error to the Supreme Court of Iowa.
 Hurley sued Street to recover a lot of ground at Council Bluff. The defendant set up that the plaintiff had no title himself, and then relied on a tax sale, statute of limitation, and various other defences. The plaintiff demurred to four of these defences; assigning among other grounds of demurrer that 'the law authorizing the tax sale was unconstitutional and void.' The court overruled the demurrer, and the parties went to trial. On the trial much evidence was given about the character of the tax sale, the notice given, &c., tender of redemption-money, and other matters relating to the regularity of what had been done at the sale, but nothing of a different kind.
 The court found for the defendant, and the defendant appealed to the Supreme Court of the State. The same sort of questions were there raised, and the same passed on; the Supreme Court finally affirming the decree. From that decree the case was brought here under an assumption that it came within the 25th section of the Judiciary Act, quoted supra, pp. 5, 6.
 Mr. G. G. Wright and Mr. Lander, in support of the motion to dismiss, argued that it did not appear that any Federal question within the 25th section had been passed on; and that the decision was plainly made on other grounds not the subject of review here.
 Mr. Moor, contra, reading a public act of the legislature of Iowa, under which the sale was alleged to have been made, and which made the tax deed conclusive evidence of certain things, tending to give regularity to sales under it, argued that the act was in the face of the fifth amendment to the Constitution of the United States, which ordains that no person shall 'be deprived of property except by due process of law.' He then argued that the plaintiff did raise the point of unconstitutionality under one of his grounds of demurrer, and that the court could not have decided against him without deciding that the act was constitutional.
 Reply: The plaintiff did not stand on his demurrer, but went to trial. It does not even appear that the plaintiff showed a prim a facie title in himself. If so, certainly the question of the constitutionality of the tax sale could not have arisen. But assuming that he did, it does not appear that the decision turned on that question. In addition, the allegation of unconstitutionality is too general. It applies presumably in the first instance to the State constitution. But if it applied to the restriction in the fifth amendment of the Federal Constitution, that restriction is not one on the States, but only on the United States.[1]
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 To give jurisdiction to this court upon error to the highest court of the State in which a judgment or decree has been rendered, it is necessary to show that some question under the 25th section of the Judiciary Act was made and decided, of which this court has cognizance by writ of error on appeal. This has been frequently ruled.[2]
 
 
 2
 It does not appear from the record that any such question was either made or decided.
 
 
 3
 Much expense to suitors would be spared if counsel would attend to the principle above stated, and as we have said, frequently laid down, before advising their clients to resort to the appellate jurisdiction of this court from the decisions of the State courts. The writ of error must be
 
 
 4
 DISMISSED.
 
 
 
 [1]
 Pumpelly v. Green Bay Company, 13 Wallace, 166.
 
 
 [2]
 Crowell v. Randell, 10 Peters, 368; Armstrong v. Treasurer, 16 Id. 281; Phillips's Practice, 108.